**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT A. McCHRISTIAN,

      Petitioner,

v.                                  Case No:  8:16-cv-364-T-30MAP
                                       Crim. Case No: 8:13-cr-108-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.
_____/

## <u>ORDER OF DISMISSAL</u>

THIS CAUSE comes before the Court upon Petitioner Robert A. McChristian's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1).  By his motion, Petitioner seeks relief pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague.  *See Johnson*, 135 S. Ct. at 2563.  Because Petitioner is not entitled to relief under *Johnson*, his petition is untimely, and a response from the government is unnecessary.

## <u>BACKGROUND</u>

On April 4, 2013, a superseding indictment was filed charging Petitioner with (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (Count I), (2) two counts

of aiding and abetting the commission of a robbery, in violation of 18 U.S.C. § 1951(a) (Counts II and IV), (3) carrying, using, or brandishing a firearm, and discharging a firearm that is a destructive device in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)-(iii), (B)(ii) (Count III), and (4) carrying, using, or brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count V). (CR Doc. 1).  On June 13, 2013, Petitioner entered into a plea agreement, agreeing to plead guilty to Count III, and the government agreed to dismiss Counts I, II, IV, and V.  (CR Doc. 32).  Petitioner entered a plea of guilty to Count III of the superseding indictment, which the Court accepted.  (CR Docs. 39, 40, 47).

Petitioner was sentenced on October 3, 2013.  (CR Doc. 55).  Petitioner received a sentence on Count III of 360 months' imprisonment; Counts I, II, IV, and V were dismissed.  (*Id.*).  Petitioner's sentence under Count III was imposed under § 924(c)(1)(B)(ii), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> . . . .
>
> **(B)** If the firearm possessed by a person convicted of a violation of this subsection—
>
> . . . .

2

(ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

Petitioner did not file a direct appeal.  On February 11, 2016, Petitioner filed the present motion pursuant to § 2255.

## DISCUSSION

Petitioner was sentenced on October 3, 2013.  He did not file his first § 2255 motion until February 11, 2016—well outside the one-year limit provided under § 2255(f)(1). Defendant contends that his motion is timely under § 2255(f)(3), which states that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The newly-recognized right asserted by Petitioner is the Supreme Court's recent decision in *Johnson*, 135 S. Ct. at 2563, declaring the residual clause of the ACCA unconstitutionally vague.  (CV Doc. 2).

*Johnson* does not apply to Petitioner, however, because Petitioner was not sentenced as an armed career criminal under the ACCA, 18 U.S.C. § 924(e).[1]  Rather, Petitioner was sentenced under § 924(c), which was not addressed by *Johnson*.  Because *Johnson* is inapplicable, Petitioner's motion, filed over a year after his sentence and conviction became final, is untimely.  Even if Petitioner's motion was timely, he would not be entitled

---

[1] According to the presentence investigation report, Petitioner was considered a career criminal under United States Sentencing Guideline § 4B1.1 because he had at least two prior felony convictions for a crime of violence. (PSR at ¶ 33).  However, because the statutorily required term of thirty years was greater than the applicable guideline range under § 4B1.1, § 4B1.1 was not used to calculate Petitioner's sentence.  (PSR at ¶ 34).

to relief under § 2255 because his claims are without merit since *Johnson* is not implicated by Petitioner's sentence.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner Robert A. McChristian's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2.      The Clerk is directed to deny all pending motions and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 83 in the underlying criminal case, case number 8:13-cr-108-T-30MAP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED on February 19, 2016, at Tampa, Florida.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record